Eric R. Breslin (ERB-4487)
Sheila Raftery Wiggins (SRW-2453)
**DUANE MORRIS LLP**
744 Broad Street, Suite 1200
Newark, NJ 07102
Telephone:     (973) 424-2000
Facsimile:       (973) 424-2001
erbreslin@duanemorris.com
*Attorneys for Claimants*
*JoAnn Crupi and Judith Bowen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCE KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24,<br><br>UP TO APPROXIMATELY $21,935.19 ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, F/K/A COMMERCE BANK, HELD IN THE NAME OF JUDITH BOWEN,<br><br>UP TO APPROXIMATELY $4,715.00 ON DEPOSIT IN ACCOUNT NO. 7850349338 AT TD BANK, F/K/A COMMERCE BANK, HELD IN THE NAME OF JUDITH BOWEN;<br><br>and all property traceable thereto,<br><br>Defendants *in rem*. | Docket No.: 10 Civ. 4857 (RWS)<br><br>Civil Action<br><br>**<u>CLAIMANTS' ANSWER TO VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES</u>** |

Claimants JoAnn Crupi and Judith Bowen (collectively, "Claimants"), by and through their attorneys, Duane Morris LLP, answer the Verified Complaint of plaintiff United States of America ("United States"), and state the following:

## INTRODUCTION

1. Claimants admit that the United States seeks forfeiture of certain property pursuant to the cited statutory provisions. Claimants deny that the property was obtained in any unlawful manner listed in the cited statutory provisions set forth in paragraph number 1 of the Verified Complaint.

2. Claimants admit that the United States seeks forfeiture of the property set forth in paragraph 2 of the Verified Complaint.

3. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 3.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted, except to deny that Claimants committed any unlawful acts or omissions.

## FACTUAL ALLEGATIONS

6. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 6.

7. Admitted.

8. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 8.

9. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 9.

## The Fraud

10. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 10.

11. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 11.

12. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 12.

13. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 13.

14. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 14.

15. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 15.

16. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 16.

17. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 17.

18. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 18.

19. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 19.

20. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 20.

21. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 21.

22. Admitted that DiPascali and Crupi were, at one time, employees of BLMIS. Claimants are without knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph number 22.

23. Admitted that DiPascali was, at one time, an employee of BLMIS. Claimants are without knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph number 23.

24. Admitted.

25. Admitted that Crupi had certain responsibilities during her employment at BLMIS, including interaction with other employees. Claimants are without knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph number 25.

26. Denied.

27. Admitted that Crupi participated in the preparation or review of a "Daily Report." Denied that Crupi knowingly participated in any fraudulent activities.

28. Admitted that Crupi participated in the preparation or review of various documents. Denied that Crupi knowingly participated in any fraudulent activities.

29. Admitted that Crupi participated in the preparation or review of various documents. Denied that Crupi knowingly participated in any fraudulent activities.

30. Claimants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph number 30.

4

31. Admitted that Crupi participated in the preparation or review of various documents. Denied that Crupi knowingly participated in any fraudulent activities.

32. Admitted that Crupi from time to time saw documents purporting to reflect the balance of the BLMIS IA Client Account and the requests for redemption reflected on the Daily Report. Deny that Crupi knew what BLMIS' "cash on hand" was. Claimants are without knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph number 32.

33. Admitted that Crupi from time to time saw documents purporting to reflect the balance of the BLMIS IA Client Account and the requests for redemption reflected on the Daily Report. Deny that Crupi knew what BLMIS' "cash on hand" was. Claimants are without knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph number 33.

## The Guilty Pleas

34. Admitted.

35. Admitted.

36. Admitted.

37. Claimants are without knowledge sufficient to form a belief as to the allegation in paragraph 37 that the Government's investigation is ongoing. Claimants admitted the remaining allegations in paragraph 37.

## THE DEFENDANTS IN REM

38. Denied.

## The Defendant Real Property

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted that Crupi received funds from BLMIS. BLMIS' copy of the Daily Report speaks for itself.

45. Admitted that Crupi received funds from BLMIS. Deny knowledge or information as to what the records of BLMIS indicated or meant.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted transfer as detailed in this paragraph. Deny knowledge or information as to what the records of BLMIS indicated or meant.

51. Admitted. Deny knowledge or information as to what the records of BLMIS indicated or meant.

52. Admitted.

53. Admitted.

54. Admitted, except to state that the transfer began on or about November 21, 2008, the transfer of $745,000 occurred on or about November 21, 2008 and the transfer of approximately $485,183 occurred on or about November 25, 2008.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

### The Defendant Funds

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

### FIRST CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

64. Claimants incorporate the admissions and denials of the allegations contained in numbered paragraphs 1 through 63 of this Answer as if set forth fully herein.

65. Claimants state that the cited statutory provision speaks for itself.

66. Claimants state that the cited statutory provision speaks for itself.

67. Claimants state that the cited statutory provision speaks for itself.

### SECOND CLAIM FOR FORFEITURE
### (18 U.S.C. § 981(a)(1)(A)

68. Claimants incorporate the admissions and denials of the allegations contained in numbered paragraphs 1 through 63 of this Answer as if set forth fully herein.

69. Claimants state that the cited statutory provision speaks for itself.

70. Claimants state that the cited statutory provision speaks for itself.

71. Claimants state that the cited statutory provision speaks for itself.

72. Claimants state that the cited statutory provision speaks for itself.

73. Claimants state that the cited statutory provision speaks for itself.

DM1\2312319.1

## REQUEST FOR RELIEF

Claimants deny the United States' WHEREFORE paragraph.

**WHEREFORE**, Claimants demand judgment dismissing the Verified Complaint and for attorneys' fees and costs and for whatever other relief the Court deems appropriate.

## SEPARATE DEFENSES

Claimants state the following defenses to the United States' Verified Complaint, but does not assume a burden of proof on any such defense except as required by applicable law with respect to a particular defense asserted. Claimants reserve the right to amend or assert other affirmative or additional defenses and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST SEPARATE DEFENSE

The United States' Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The United States has failed to demonstrate that the property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRD SEPARATE DEFENSE

The United States has failed to demonstrate that the property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## FOURTH SEPARATE DEFENSE

The funds received from BLMIS was income from BLMIS to Claimant Crupi, which was declared as such on the appropriate federal and state tax returns.

## FIFTH SEPARATE DEFENSE

Claimants reserve the right to amend or assert additional separate and other defenses as facts are developed in the course of the additional investigation and discovery.

## SIXTH SEPARATE DEFENSE

Any allegations or prayers for relief set forth in the United States' Verified Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

By: */s/Sheila Raftery Wiggins*
Eric R. Breslin (ERB-4487)
Sheila Raftery Wiggins (SRW-2453)
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey, 07102-3889
(973) 424-2000
*Attorneys for Claimants*
*JoAnn Crupi and Judith Bowen*

Dated: August 30, 2010
Newark, New Jersey

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of the foregoing **Answer and Separate Defenses** to be served by ECF on all counsel of record.

*/s/ Sheila Raftery Wiggins*
Sheila Raftery Wiggins

Dated: August 30, 2010
      Newark, New Jersey