COUNT TWENTY
(Subscribing to a False U.S. Individual
Income Tax Return for Tax Year 2003)

The Grand Jury further charges:

304. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

305. On or about April 13, 2004, in the Southern District of New York and elsewhere, DANIEL BONVENTRE, the defendant, willfully and knowingly did make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for the tax year 2003, which return contained and was verified by the written declaration of BONVENTRE that it was made under penalties of perjury, and which return BONVENTRE did not believe to be true and correct as to every material matter, in that BONVENTRE falsely omitted material amounts of wage and other income, whereas, as BONVENTRE then and there well knew and believed, he was not entitled to omit the material amounts of wage and other income from his 2003 return.

(Title 26, United States Code, Section 7206(1).)

COUNT TWENTY-ONE
(Subscribing to a False U.S. Individual
Income Tax Return for Tax Year 2004)

The Grand Jury further charges:

306. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

307. On or about April 15, 2005, in the Southern District of New York and elsewhere, DANIEL BONVENTRE, the defendant, willfully and knowingly did make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for the tax year 2004, which return contained and was verified by the written declaration of BONVENTRE that it was made under penalties of perjury, and which return BONVENTRE did not believe to be true and correct as to every material matter, in that BONVENTRE: (a) falsely omitted material amounts of wage and other income; and (b) falsely characterized hundreds of thousands of dollars of ordinary income as a long-term capital gain, whereas, as DANIEL BONVENTRE then and there well knew and believed, he was not entitled to omit the material amounts of wage and other income from his 2004 return, and that he was not entitled on that return to characterize the ordinary income he received as a long-term capital gain.

(Title 26, United States Code, Section 7206(1).)

<u>COUNT TWENTY-TWO</u>
(Subscribing to a False U.S. Individual
Income Tax Return for Tax Year 2006)

The Grand Jury further charges:

308. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

309. On or about April 12, 2007, in the Southern District of New York and elsewhere, DANIEL BONVENTRE, the defendant, willfully and knowingly did make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the tax year 2006, which return contained and was verified by the written declaration of DANIEL BONVENTRE that it was made under penalties of perjury, and which return DANIEL BONVENTRE did not believe to be true and correct as to every material matter, in that DANIEL BONVENTRE, the defendant: (a) falsely omitted material amounts of wage and other income; (b) falsely omitted approximately $166,944 of cancellation-of-indebtedness income; and (c) falsely characterized hundreds of thousands of dollars of ordinary income as a long-term capital gain, whereas, as DANIEL BONVENTRE then and there well knew and believed, he was not entitled to omit the material amounts of wage and other income, and cancellation-of-debt income, from his 2006 return, and that he was not entitled

144

on that return to characterize the ordinary income he received as a long-term capital gain.

(Title 26, United States Code, Section 7206(1).)

## COUNT TWENTY-THREE
(Subscribing to a False U.S. Individual
Income Tax Return for Tax Year 2007)

The Grand Jury further charges:

310. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

311. On or about April 11, 2008, in the Southern District of New York and elsewhere, DANIEL BONVENTRE, the defendant, willfully and knowingly did make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for the tax year 2007, which return contained and was verified by the written declaration of BONVENTRE that it was made under penalties of perjury, and which return BONVENTRE did not believe to be true and correct as to every material matter, in that BONVENTRE, the defendant, falsely omitted material amounts of wage and other income, whereas, as DANIEL BONVENTRE then and there well knew and believed, he was not entitled to omit the material amounts of wage and other income from his 2007 return.

(Title 26, United States Code, Section 7206(1).)

COUNT TWENTY-FOUR
(Obstructing And Impeding The Due Administration
Of The Internal Revenue Laws - DANIEL BONVENTRE)

The Grand Jury further charges:

312. The allegations in paragraphs 1 through 231, 238-239, 262, and 265-266 of this Indictment are repeated and realleged as though fully set forth herein.

313. From in or about 1991, through in or about 2008, in the Southern District of New York and elsewhere, DANIEL BONVENTRE, the defendant, did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above, the due administration of the Internal Revenue Laws.

(Title 26, United States Code, Section 7212(a).)

COUNTS TWENTY-FIVE THROUGH TWENTY-NINE
(Tax Evasion - ANNETTE BONGIORNO)

The Grand Jury further charges:

314. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

315. From on or about January 1 of each of the calendar years set forth below, through on or about the tax return filing dates set forth below for each calendar year, in the Southern District of New York and elsewhere, ANNETTE BONGIORNO, the defendant, wilfully and knowingly, did attempt to evade and defeat a substantial part of the income tax due and owing by her to the United States of America for the calendar years 2004

through 2008 by various means, including, among other things, by (a) arranging to get paid a portion of her income through monthly checks that BONGIORNO caused to be cashed in New York, New York, thereby causing BLMIS to issue BONGIORNO tax reporting documents that falsely under-reported BONGIORNO's income, and (b) by preparing and causing to be prepared, by signing and causing to be signed, and by filing and causing to be filed with the Internal Revenue Service, a false and fraudulent United States Individual Income Tax Return, Form 1040, for the calendar years 2004 through 2008, wherein BONGIORNO failed to report certain income she received from BLMIS, and thus falsely stated that her taxable income was in the amount set forth below, and that the amount of tax due and owing thereon was in the amount set forth below, whereas, as BONGIORNO then and there well knew and believed, the correct taxable income and correct tax due and owing for the calendar years 2004 through 2008 was substantially in excess of the amounts reported, as set forth below:

| COUNT | TAX YEAR | APPROXIMATE FILING DATE OF RETURN | REPORTED TAXABLE INCOME | APPROXIMATE CORRECTED TAXABLE INCOME | APPROXIMATE ADDITIONAL TAX DUE AND OWING |
|---|---|---|---|---|---|
| 25 | 2004 | 4/15/2005 | $ 96,943 | $185,008 | $27,425 |
| 26 | 2005 | 4/15/2006 | $ 59,470 | $122,403 | $18,616 |
| 27 | 2006 | 4/15/2007 | $ 54,792 | $122,112 | $20,201 |
| 28 | 2007 | 4/15/2008 | $579,085 | $640,606 | $17,220 |
| 29 | 2008 | 10/15/2009 | $ 65,467 | $116,977 | $17,850 |

(Title 26, United States Code, Section 7201.)

COUNT THIRTY
(Obstructing And Impeding The Due Administration
Of The Internal Revenue Laws - ANNETTE BONGIORNO)

The Grand Jury further charges:

316. The allegations in paragraphs 1 through 231 and 238 through 239 of this Indictment are repeated and realleged as though fully set forth herein.

317. From in or about 1994, through in or about 2008, in the Southern District of New York and elsewhere, ANNETTE BONGIORNO, the defendant, did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above, the due administration of the Internal Revenue Laws.

(Title 26, United States Code, Section 7212(a).)

COUNTS THIRTY-ONE THROUGH THIRTY-THREE
(Tax Evasion - JOANN CRUPI)

The Grand Jury further charges:

318. The allegations contained in paragraphs 1 through 231 and 238 through 239 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

319. From on or about January 1 of each of the calendar years set forth below, through on or about the tax return filing dates set forth below for each calendar year, in the Southern District of New York and elsewhere, JOANN CRUPI, a/k/a "Jodi," the defendant, willfully and knowingly, did attempt to evade and defeat a substantial part of the income tax due and owing by her to the United States of America for the calendar years 2004,

148

2007, and 2008 by various means, including, among other things, by (a) using a corporate credit card to pay annually for tens of thousands of dollars of personal expenses and thereby causing BLMIS to falsely and fraudulently characterize those expenses as business rather than payroll or wage expenses; (b) causing BLMIS to issue CRUPI tax reporting documents that falsely under-reported CRUPI's income in the form of personal credit card payments; and (c) by preparing and causing to be prepared, by signing and causing to be signed, and by filing and causing to be filed with the Internal Revenue Service, false and fraudulent United States Individual Income Tax Return, Form 1040, for the calendar years 2004, 2007, and 2008 wherein CRUPI failed to report certain income she received from Bernard L. Madoff Investment Securities, and thus falsely stated that her taxable income was in the amount set forth below, and that the amount of tax due and owing thereon was in the amount set forth below, whereas, as CRUPI then and there well knew and believed, the correct taxable income and correct tax due and owing for the calendar years 2004, 2007, and 2008 was substantially in excess of the amounts reported, as set forth below:

| COUNT | TAX YEAR | APPROXIMATE FILING DATE OF RETURN | REPORTED TAXABLE INCOME | TAX PAID | CORRECTED TAXABLE INCOME | ADDITIONAL TAX DUE AND OWING |
|---|---|---|---|---|---|---|
| 31 | 2004 | 4/15/2005 | $ 104,418 | $ 26,422 | $170,290 | $13,341 |
| 32 | 2007 | 4/15/2008 | $ 0 | $ 0 | $34,700 | $7,955 |
| 33 | 2008 | 10/19/2009 | $2,534,045 | $938,230 | $2,589,665 | $19,467 |

(Title 26, United States Code, Section 7201.)

FORFEITURE ALLEGATION
(Offenses Constituting Specified Unlawful Activity)

319.  As the result of committing one, some, or all of the offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Counts One, Two, Three, Six, Seven, Eight, Nine, Ten, and Eleven of this Indictment, DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI, a/k/a Jodi," JEROME O'HARA, and GEORGE PEREZ, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable.

(Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.)

### FORFEITURE ALLEGATION
(Bank Fraud)

320. As a result of committing one or both of the offenses alleged in Counts Three and Eighteen of this Indictment, DANIEL BONVENTRE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the said offense, and all property traceable to such property, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $487 million as to each of Counts Three and Eighteen, and all property traceable thereto.

(Title 18, United States Code, Section 982(a)(2)(A).)

### FORFEITURE ALLEGATION
(Bank Fraud)

321. As a result of committing one or both of the offenses alleged in Counts Sixteen and Seventeen of this Indictment, JOANN CRUPI, a/k/a Jodi," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the said offense, and all property traceable to such property, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately

$3,585,000 as to each of Counts Sixteen and Seventeen, and all property traceable thereto.

(Title 18, United States Code, Section 982(a)(2)(A).)

### Substitute Assets Provision

322. If any of the forfeitable property described above in paragraphs 319, 320, or 321 of this Indictment, as a result of any act or omission of the defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney